### Díaz *v.* Guerra et al.

Apelación procedente de la Corte de Distrito de San Juan.

No. 59.—Resuelto en junio 28, 1907.

Pruebas.—La circunstancia de que un documento tenga fecha anterior á aquélla en que hayan ocurrido los hechos expresados en la demanda, no es objeción suficiente para denegar su admisión, á no ser que se demuestre que es por cualquier otro concepto.

Id.—Apelación—Inspección Ocular—Relación de Hechos.—Los documentos, mapas, etc., presentados como pruebas durante el juicio, debe hacerse parte de la relación de hechos, y el resultado de cualquier inspección ocular practicada por el juez, debe asimismo hacerse constar en dicha relación, á fin de que todo ello pueda ser considerado por el tribunal de apelación.

Id.—Sentencia.—Cualesquiera que sean los errores cometidos por la corte inferior en su oposición, no afectan á la sentencia, ni constituyen motivo de revocación, si dicha sentencia es correcta y adjustada á derecho.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Torres.*

Abogado del apelado: *Sr. Cuevillas Hernández.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En el presente caso la opinión de la corte de distrito, que se encuentra en los autos, es como sigue:

"En el presente caso el demandante pide que se condene á los demandados: 1º., á llevar á cabo la demolición de la pared de la casa de mampostería que construyeron, invadiendo el solar del demandante; 2º., á indemnizar al demandante la suma de tres mil dollars; y 3º., pagar las costas. Y los demandados solicitan: 1º., que la corte resuelva que, constituyendo cosa juzgada el fallo de la Corte de Distrito de San Juan de 24 de septiembre de 1900, no cabe conceder otro juicio, ni resolver el caso nuevamente; 2º., que la casa de los demandados no ha invadido el solar que usufructúa el demandante; y 3º., que el demandante les pague seiscientos dollars por perjuicios causados.

Y los dichos demandados establecen, además, reconvención y piden que se condene al demandante á dejarles libre y expedita toda parte del solar de los demandados que indebidamente ocupa y á pagarles quinientos dollars en concepto de perjuicios y costas.

"Tales son las peticiones formuladas en este pleito para basar las cuales se establecen necesarios hechos en la demanda y en la contestación.

"Debemos examinar en primer término, la excepción de cosa juzgada. Realmente este caso fué resuelto por el Tribunal de Distrito de San Juan, pero lo fué en juicio de interdicto de obra nueva, y dada la naturaleza de aquel juicio, la sentencia dictada en el mismo, no pone término á la cuestión debatida en cuanto al fondo, cuestión que puede ser luego ventilada en juicio de trámites más amplios.

"Por lo tanto, en nuestra opinión. debemos prescindir en absoluto de la sentencia pronunciada en el interdicto y resolver este caso por las alegaciones hechas y las pruebas presentadas en el mismo.

"¿De qué se trata en este pleito? ¿Cuál es en realidad la cuestión fundamental del mismo?

"Se trata en verdad, y es la cuestión fundamental, de determinar á quién corresponde el usufructo de determinado espacio de terreno.

"El demandante alega que le pertenece una casa situada en la calle del Sol, del pueblo de Río Piedras, y enclavada en un solar del municipio *de diez y seis varas de frente por treinta y seis de fondo;* que á los demandados corresponde un solar también en usufructo de *catorce varas de frente por treinta y seis de fondo,* y que habiendo construído una casa en dicho solar, se salieron de él é invadieron el del demandante en *catorce pulgadas* por el frente que, dado que la pared levantada en la colindancia de los solares no forme un ángulo recto con la pared levantada en la calle del Sol, conviértese en una y media varas aproximadamente el fondo. Y el demandado alega que á él le corresponde en usufructo un solar de *quince varas y diez pulgadas* de frente por treinta y seis varas de fondo, y que como la casa que ha levantado en dicho solar solo tiene *catorce varas y veinte y dos centímetros* de frente, claro está que ha sido construída dentro de su solar y que es el demandante el que está ocupando parte del solar que usufructúan los demandados.

"Para probar tales alegaciones, se ha presentado una voluminosa prueba, de la cual solo resalta un hecho indiscutible, y es el de que el dominio de los dos solares en cuestión pertenecen al municipio de Río Piedras. Desde el año 1825 en que los compró, hasta la fecha, jamás dicha corporación se ha desprendido de la propiedad. Sólo los ha cedido en usufructo.

"Examinadas también las escrituras, se llega de igual modo á otra conclusión, y es á la de que al pasar de unos á otros dueños, es decir, usufructuarios, los solares de que se trata, no siempre conservaron en los documentos iguales dimensiones.

"De ahí la incertidumbre que existe al apreciar esta prueba. La parte demandante ha presentado como prueba cierta certificación, que demuestra que el 8 de abril de 1886 el Alcalde de Río Piedras, Enrique Ramos Izquierdo, expidió cierto documento en el que se hacía constar que el solar que ocupaba el demandado tenía *diez y seis varas de frente por treinta y seis de fondo,* según constaba del expediente de creación y plano de aquel pueblo.

"Y la parte demandada presenta como prueba otro documento también expedido por el alcalde de Río Piedras en el año 1899, en el que hace constar, que según el plano, el solar usufructuado por los demandados tenía trece metros de frente, esto es, más de *catorce varas.*

"La primera certificación es enteramente favorable á los intereses del demandante; la segunda, enteramente favorable á los intereses de los demandados.

"Como ambas certificaciones se refieren al plano de Río Piedras, examinemos ese plano. Según la parte necesaria traída á los autos por los peritos Don Juan Bautista Rodríguez, ingeniero, y Don Rafael Janer, agrimensor, según el plano, el solar ocupado por los demandados tiene trece metros de frente, y el ocupado por el demandante once metros 50 centímetros.

"Luego, en verdad, el plano da la razón á la certificación favorable á los demandados, sin que se llegue á la conclusión que hubiera mala fe por parte del alcalde al expedir la certificación de 1886; puede haber incurrido en error al hacer la reducción de metros á varas y consignar diez y seis varas en números redondos.

"Además, hay otra prueba favorable á los demandados y adversa al demandante. Tal prueba es la de la cerca. Ella aparece trazada en el plano que obra en autos y á que nos hemos referido, levantado por los peritos Rodríguez y Janer, con su dirección oblícua, que explica la de la pared del edificio de los demandados que se aspira á demoler, y dentro del perímetro que determina, aparece levantado el edificio de Guerra, ó sea de los demandados; sobre ella dictaminaron el perito Sr. Larrínaga, que expresa que la construcción de los demandados estaba dentro de la cerca, y sobre la cerca habla también el testigo González.

"Al escribir esta opinión aspiramos á consignar á grandes rasgos, porque llegamos á la conclusión que contiene nuestra sentencia. Disponemos de muy poco tiempo y estamos seguros de que el récord sos-

tiene perfectamente nuestro fallo, sin necesidad de que nosotros lo fundemos, pero este caso ha adquirido resonancia tal, que se hace necesario que el Juez lo considere y estudie por escrito, de manera que se conozca su opinión, los motivos en qué basa su resolución final.

"El verdadero proprietario, el municipio de Río Piedras, no ha sido parte en este pleito. La lucha judicial se entabló y sostuvo entre sus usufructuarios.

"Ambas partes aspiran á que la corte adopte medidas de seria consecuencia, sobre todo el demandante, que aspira á la demolición de toda una pared de un edificio de mampostería de altos y bajos y á que se la pague $3,000 como indemnización.

"¿La prueba que ha aportado el demandante justificaría que la corte concediera lo que él solicita? Se impone á nuestro juicio una respuesta negativa.

"Es indudable que existe prueba favorable al demandante, pero también es indudable que existe prueba favorable á los demandados en este pleito.

"Y además, no se trata aquí del propietario que reivindica su terreno. Se trata de un mero usufructuario que nada absolutamente pagó por el terreno del que se dice desposeído. Y dista mucho de haberse probado que él fué desposeído. Esa cerca colocada allí, que él tenía que ver diariamente y que él consentía, estaba dividiendo los solares, y los demandados fabricaron en la parte que la cerca marcaba como de ellos. Y ese plano del municipio de Río Piedras, que no se ha demostrado que ha sido alterado en debida forma, está diciéndonos claramente que el edificio de los demandados está colocado entres los límites del terreno que el dicho Municipio les concedió en usufructo.

"Además, al practicar una inspección ocular de los solares de que se trata, pudimos nosotros convencernos de la certeza del plano y sobre todo de que el demandante no había sufrido entorpecimiento alguno. La casa es semialta y la escalera que le da acceso es todo lo amplia que puede desearse. Más de dos metros tiene el callejón que separa su casa de la de los demandados. No se trata, pues, de persona que haya sido privada de aire y luz por la construcción vecina, ó que debido á la construcción que redujere el espacio de que disponía, él haya sido privado de dedicarse á determinada industria ó comercio. Nada de eso. El arbolito de guanábanas que se dice derribado al construir la casa de los demandados, no implica nada. Ha podido estar en la línea divisoria de los solares ó dentro del mismo solar del demandante y al hacerse los cimientos de la casa de los deman-

dados, han podido cortarse sus raíces que hasta allí se extendían y caer en su consecuencia.

"Y no se diga que el demandante reclamó por recuperar lo que injustamente se le obligara á gastar en el desgraciado pleito de interdicto de obra nueva.

"Apreciando la prueba, debemos consignar que llegamos á la conclusión de que los gastos hechos por el demandante no deben ser indemnizados por los demandados. Triste asunto fué aquél que salió de la esfera serena del derecho, para ir á producir el escándalo en el mundo agitado de las pasiones. Triste asunto, en verdad en el que, si mancha hubo la mancha se extendió á todos, al propio demandante que hizo escribir, á virtud de las recomendaciones que buscara y empleara, esas cartas de las que se sirvió después, para su violenta campaña, campaña inútil para el ejercicio de su derecho, puesto que lo que ha hecho ahora, entablando un pleito más amplio que el interdicto, pudo hacerlo entonces.

"Tal es nuestra opinión en el presente caso. Y por las mismas razones de lo contradictorio de la prueba, creemos y debemos declarar sin lugar lo pretendido por los demandados en la reconvención.

"Acudan ambas partes de buena fe al verdadero dueño de los terrenos y pídanle que armonice las certificaciones de 1886 y 1899 y que deslinde los solares y habrán terminado este asunto de una manera satisfactoria para ambos y para la equidad y la justicia.

"Pronunciada en corte abierta hoy 30 de marzo de 1906.—Firmado.—Emilio del Toro, Juez.

Ambas partes han establecido recurso de apelación contra la sentencia dictada por la corte inferior.

El demandante ha impugnado la opinión que precede, entre otras cosas, porque habla de usufructuarios como si sus derechos fueran distintos de los de cualquier persona que tenga participación en un terreno. Convenimos con el demandante en que las personas que poseen en usufructo tienen derechos que la ley está obligada á proteger, pero en realidad el fundamento que tuvo la corte inferior al emitir su opinión fué la omisión del demandante de probar los hechos del caso, y si hubo error alguno, no afectaba á la cuestión.

La corte inferior no cometió error como alega el demandante al negar la admisión de un documento como prueba, á

saber: la escritura de 1837, en que el fundamento de la obje-
ción fué simplemente que la misma hacía referencia á hechos
anteriores á los expresados en la demanda, á no ser que tam-
bién se probara, lo que no se hizo, que la referida escritura
era inadmisible por alguna otra causa. Las otras objeciones
hechas á la opinión no pueden afectar á la sentencia por
cuanto que el error debe estar en la misma sentencia y no en
los supuestos conceptos equivocados que pueda tener el juez
con respecto á la ley. Mas se ve claramente de una lectura
de la opinión que las cuestiones que han sido sometidas á
nuestra consideración para ser revisadas, tanto las que se
refieren al demandante, como las de los demandados, son mera-
mente cuestiones de hecho.

Estamos convencidos de que el juez inferior obró con
arreglo á derecho al hacer uso del plano de Río Piedras como
norma para fijar las dimensiones de los dos solares cues-
tionados. Asimismo se ve en la opinión del juez que la casa
de los demandados estaba comprendida dentro de la línea
oblícua que se dice es el límite de las dos parcelas de terreno.

Sin embargo, con referencia al apelante Díaz Varcárcel,
si estuviéramos en duda con respecto á la corrección de la
opinión del juez no podríamos revocar la sentencia, porque
los documentos de que hace mención la exposición del caso no
han sido debidamente certificados al remitírsenos, por el juez
inferior, y la misma cosa es aplicable á la exposición del caso,
presentada por la otra parte apelante. Ninguno de los planos
podrían ser tomados en consideración por este tribunal porque
los mismos no formaron parte de las diferentes exposiciones
de hecho. Además, se hizo una inspección ocular del terreno
y nada se hizo con arreglo á ley para que dicha inspección
pudiera ser revisada por una corte de apelación. Una parte
que trate de fundar su derecho en este procedimiento de ins-
pección ocular y en su resultado, ó que trate de impugnarlo,
debe presentar el mismo en propia forma.

La forma correcta de preparar un récord se ha explicado en el caso de *Eurípides López* v. *The American Railroad Co. of Porto Rico* resuelto por este tribunal en junio 28, 1906.

Por estas razones, debe confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y MacLeary.